UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

SEP 22  6 01 PM '00

CLERK
U.S. DISTRICT COURT
EAST. DIST. MICH.
DETROIT

DAIMLERCHRYSLER CORPORATION,

Plaintiff,

v.

THE NET, INC., et al.,

Defendants.

_____/

CASE NO. 98-CV-74186-DT
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AMENDED COUNTERCLAIM, CROSS-CLAIM, AND THIRD PARTY COMPLAINT

*Table of Contents*

I.    RECOMMENDATION .................................................................. 1
II.   REPORT ............................................................................ 2
      A.    Procedural Background ..................................................... 2
      B.    Standard for Motion to Strike Pleadings .................................. 4
      C.    Substance of Defendants' Pleading ........................................ 5
      D.    Defendants' Counterclaim Against Plaintiff ............................... 7
      E.    Plaintiff's Third-Party Claims ........................................... 7
            1.    Third-Parties' Liability for Claim Against Defendants ............ 8
            2.    Meritless Claims ............................................... 10
                  a. Claim Against the United States .............................. 10
                  b. Claims Against the Dodge-named Companies ..................... 12
            3.    Interpleader .................................................. 14
      F.    Conclusion .............................................................. 15
III.  NOTICE TO PARTIES REGARDING OBJECTIONS  .................................... 15

\*        \*        \*        \*        \*

I.    RECOMMENDATION: The Court should grant plaintiff's motion to strike defendants' third-party claims set forth in their "Corrected/Amended Counterclaim; Crossclaim; and, Third-Party Complaint." The Court should not, however, strike the counterclaims asserted in that pleading.

110

II.    REPORT:

A.    *Procedural Background*

Plaintiff DaimlerChrysler Corporation commenced this action against defendants The Net, Inc., and Host Networks, Inc., on September 28, 1998. Plaintiff alleges that it registered the Internet domain name "4adodge.com" with defendant Host Networks in September 1995. In December 1996 defendant The Net registered the domain name "foradodge.com" with Network Solutions, Inc. (NSI).[1]   Plaintiff alleges that the web site identified at the "foradodge.com" domain name contains hypertext links to, *inter alia*, another Internet web site featuring pornographic material. Plaintiff also alleges that defendant Host Networks operates the computer system upon which the "foradodge.com" domain name resides. Plaintiff asserts federal law claims for trademark dilution under the Lanham Act, trademark infringement, and unfair competition, and state common law claims for trademark infringement and unfair competition. On August 2, 1999, defendants Keith Maydak, Michael Sussman, and Mutual Assignment & Indemnification Company (MAIC) filed a petition for leave to intervene. These defendants asserted that they are the owners of the "foradodge.com" domain name and thus the real parties in interest in this litigation. Having received no response to this motion, I granted the motion on September 7, 1999. In response, on October 15, 1999, plaintiff filed a motion to amend the complaint to assert claims against these defendants. I granted the motion on November 30, 1999.

---

[1]For a thorough discussion of the Internet, domain names, and NSI's role as a register of domain names, see *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 871-72 (9th Cir. 1999) and *Intermatic Inc. v. Toeppen*, 947 F. Supp. 1227, 1230-32 (N.D. Ill. 1996).

However, on the previous day, President Clinton signed into law the Anticybersquatting Consumer Protection Act (ACPA), Pub. L. No. 106-113, 113 Stat. 1501, §§ 3001-3010 (Nov. 29, 1999). Rather than filing its amended complaint, plaintiff filed a second motion to amend the complaint on January 14, 2000. The proposed amended complaint is identical to the proposed amended complaint for which leave to amend was granted, with two exceptions: (1) the addition of a claim asserted under the ACPA; and (2) the change of plaintiff from Chrysler Corporation to DaimlerChrysler Corporation, reflecting the November 17, 1998 merger between Chrysler and Daimler Benz. I granted plaintiff's motion to amend on April 27, 2000, and plaintiff filed its second amended complaint on May 3, 2000.

On June 16, 2000, defendant Maydak and Sussman filed a pleading entitled "Counterclaim; Crossclaim; and, Third-Party Complaint." On June 26, 2000, I entered an Order striking this pleading pursuant to Local Rule 5.1(b), which requires that all pleadings be filed in duplicate. See E.D. Mich. LR 5.1(b). This Order was affirmed by the Court on July 27, 2000. On August 7, 2000, defendants[2] refiled their pleading, including the required duplicated copies.

On August 25, 2000, plaintiff filed this motion to strike defendants' pleading. Plaintiff argues that, pursuant to Rule 14 of the Federal Rules of Civil Procedure, defendants were required to seek leave of court to file their counterclaims and cross-claims. Because defendants did not do so, the pleading should be stricken. Plaintiff also argues that leave to assert the counterclaims and cross-claims should not now be granted because the claims are

---

[2]Because only defendants Maydak and Sussman are involved in the current motion, I use "defendants" collectively to refer to only these two defendants.

frivolous and without merit. Defendants filed a response on September 7, 2000, arguing that their pleading should be deemed properly filed under Rule 14(a), which does not require leave of court when a third-party claim is filed within 10 days of the defendants' answer. Plaintiff filed a reply on September 11, 2000. For the reasons that follow, the Court should grant plaintiff's motion to strike defendant's pleading.[3]

B.    *Standard for Motion to Strike Pleadings*

Pursuant to FED. R. CIV. P. 12(f), upon motion of a party or upon its own motion "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "A motion to strike under [Rule] 12(f) is generally not favored." *Mastrocchio v. Unnamed Supervisor Special Invest. Unit*, 152 F.R.D. 439, 440 (D.R.I. 1993); *accord Abramson v. Florida Gas Transmission Co.*, 908 F. Supp. 1383, 1386 (E.D. La. 1995); *Glenside West Corp. v. Exxon Co., U.S.A.*, 761 F. Supp. 1100, 1114 (D.N.J. 1991). As one court has summarized:

> Motions to strike a defense as legally insufficient are not favored and will not ordinarily be granted unless the insufficiency is "clearly apparent." Not favored because of their dilatory character and tendency to create piecemeal litigation, motions to strike are often denied even when technically correct and well-founded. Thus, absent a showing of prejudice, courts are often reluctant to decide disputed and substantial questions of law.

*Louisiana Sulphur Carriers, Inc. v. Gulf Resources & Chem. Corp.*, 53 F.R.D. 458, 460 (D. Del. 1971) (citations omitted); *accord Abramson*, 908 F. Supp. at 1386 ("Striking a pleading is a

---

[3]Because the striking of a pleading is a dispositive matter under 28 U.S.C. § 636(b)(1), *see Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 n.8 (3d Cir. 1990); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988), *cited in Massey v. City of Ferndale*, 7 F.3d 506, 508 (6th Cir. 1993), I submit this Report and Recommendation in lieu of a hearing and determination on the matter.

4

drastic remedy to be used only when the purpose of justice so requires."); *Mastrocchio*, 152 F.R.D. at 440 ("A motion to strike should be granted only where it can be shown that under no set of circumstances could the defense succeed."); *Carpenter v. Ford Motor Co.*, 761 F. Supp. 62, 65 (N.D. Ill. 1991) (Rule 12(f) "motions are not favored and may be granted only if the defense is patently defective and could not succeed under any set of facts.").

Nonetheless, "[m]otions to strike save time and expense . . . by making it unnecessary to litigate defenses which will not affect the outcome of the case." *Glenside West Corp.*, 761 F. Supp. at 1115. Thus, a court may grant a motion to strike where it is "'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" *Mastrocchio*, 152 F.R.D. at 441 (quoting *Systems Corp. v. American Tel. & Tel. Co.*, 60 F.R.D. 692, 694 (S.D.N.Y. 1973) (internal quotation omitted)). "In considering a motion to strike, all material factual allegations forming the basis for the defenses and all reasonable inferences drawn therefrom must be deemed admitted." *Mastrocchio*, 152 F.R.D. at 441; *accord Carpenter*, 761 F. Supp. at 65.   Although Rule 12(f) speaks to defenses, its standard is effectively incorporated into Rule 14, which permits a court to "strike the third-party claim[.]" FED. R. CIV. P. 14(a); *see id.* advisory committee note to 1963 amendment ("After the third-party defendant is brought in, the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim[.]").

C.      *Substance of Defendants' Pleading*

Because it affects the manner in which the claims are addressed, it is appropriate to discuss the substance of defendants' pleading. In the pleading, defendants raise counterclaims

against plaintiff and third-party claims against a number of third-party defendants. The third-party claims are asserted against the United States, 21 specifically named companies which include the word "Dodge" in their names,[4] and 500 unspecified "'Dodge' named companies." The six counts asserted in defendants' pleading can be broken down into three types of claims.

The first count asserts counterclaims against plaintiff premised upon an abuse of process theory. Defendants allege that plaintiff is improperly and tortiously using this Court's process to force the defendants to relinquish their claims to the "foradodge.com" domain name. The second count asserts a third party claim against the United States of America. Defendants allege that the ACPA amounts to an unconstitutional taking of property without just compensation in violation of the Fifth Amendment to the U.S. Constitution. Finally, defendants' third through sixth counts assert third-party claims against the specified and unspecified Dodge-named companies. Counts III and VI are in the nature of an interpleader action, and seek both a determination as to which party or parties are entitled to use the term "dodge" in their names and a discharge from all liability as to any parties who have no right to use the term "dodge." Counts IV and V seek contribution and indemnification from the Dodge-named companies as joint tortfeasors in their alleged infringement of plaintiff's trademark.

Because different procedural rules apply to defendants' counterclaim than apply to their

---

[4] These specifically named companies are: The Dodge Group; Dodge Centerless Grinding Co.; The Dodge Co., Inc.; Dodge Cork Co.; Dodge Date Systems, Inc.; Dodge Industries; Dodge Machine Co., Inc.; Dodge Machine Tool; Dodge Manufacturing, Inc.; Dodge Resources, Inc.; Dodge Threaded Insert for Plastics; Dodge Wasmund Manufacturing, Inc.; Dodge-Regupol, Inc.; Dodge/Reliance Electric; Pennover-Dodge Co.; Delta Dodge Products; Phelps Dodge High Performance Conductors; Dodge & Cox, Inc.; Dodge Newark Supply; Dodge NP Co., Inc.; and Dodge Trophies & Awards. Defendants' pleading contains no other information regarding these companies, such as state of incorporation, principle place of business, or type of business.

third-party claims, I address the claims separately.

D.    *Defendants' Counterclaim Against Plaintiff*

It does not appear that plaintiff seeks to strike the counterclaim asserted against it in defendants' pleading. Plaintiff's motion, brief, and reply brief discuss only the third-party claims asserted by defendants, and plaintiff relies solely on Rule 14, which governs only third-party claims. To the extent that plaintiff is seeking to strike defendants' counterclaim, the Court should deny this relief. As discussed in part B, *supra*, under Rule 12(f) a court is empowered to strike only two types of matters from a pleading: (1) an insufficient defense; or (2) any redundant, immaterial, impertinent, or scandalous matter. *See* FED. R. CIV. P. 12(f). Defendants' counterclaim is not a "defense," and plaintiff has not argued that the counterclaim is "redundant, immaterial, impertinent, or scandalous[.]" Unlike Rule 14, which as discussed below governs third-party claims and provides that a court may strike an insufficient claim, Rule 13, which governs counterclaims, contains no authorization to strike a counterclaim. If plaintiff believes the counterclaim to be insufficient as a matter of law or fact, the appropriate practice is to seek dismissal under Rule 12(b)(6) or summary judgment under Rule 56. Accordingly, to the extent that plaintiff is moving to strike the counterclaim asserted in defendants' pleading (which it does not appear to be doing), the Court should deny plaintiff's motion.

E.    *Plaintiff's Third-Party Claims*

Defendants' third-party claims against the United States and the Dodge-named companies are governed by Rule 14, which in relevant part provides that, "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may

7

be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third party plaintiff[.]" FED. R. CIV. P. 14(a).  The rule further provides that the third-party complaint may be served without leave of court "if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer.  Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action."  *Id.*  Plaintiff argues that defendants' third-party claims were untimely, and therefore must be stricken.  Defendants argue that they attempted to comply with the rule, but their third-party complaint was stricken for technical reasons under Local Rule 5.1(b).  The Court need not resolve this issue, however, because defendants' third party claims must be stricken for two more fundamental reasons.

1.    *Third-Parties' Liability for Claim Against Defendants*

First, defendants' claims are not proper third-party claims under Rule 14.  As noted above, Rule 14 permits a third-party complaint to be served on "a person not a party to the action who is or may be liable to the third-party plaintiff *for all or part of the plaintiff's claim against the third-party plaintiff.*"  FED. R. CIV. P. 14(a) (emphasis added).  As the emphasized language makes clear "[t]hird-party practice, also known as impleader, is generally permitted when the third party's liability is dependent upon the outcome of the main claim or when the third party is potentially secondarily liable to the defendant."  *Blaise Constr. Co., Inc. v. Hanover Square Assocs.-I,* 735 F. Supp. 149, 152 (N.D.N.Y. 1990) (internal quotations omitted); *accord Slater v. Skyhawk Transp., Inc.,* 187 F.R.D. 185, 202 (D.N.J. 1999); *Ocasek v. Hegglund,* 673 F. Supp. 1084, 1084 (D. Wyo. 1987).  In other words, under Rule 14(a) "the third-party complaint must contend that if defendant/third-party plaintiff were found liable to plaintiff, then defendant/third-party plaintiff has a right under substantive law to transfer his

liability derived from the original complaint to third-party defendant." *Lopez de Robinson v. United States*, 162 F.R.D. 256, 258 (D.P.R. 1995).  Further, and particularly relevant here, "[u]nder Rule 14(a), a third-party defendant may not be impleaded merely because it may be liable to the plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978); *accord Slater*, 187 F.R.D. at 202-03; *LNC Inv., Inc. v. First Fidelity Bank*, 935 F. Supp. 1333, 1338 (S.D.N.Y. 1996); *Lopez de Robinson*, 162 F.R.D. at 258.

Here, defendants' third-party claims do not assert claims against the third-party defendants which are derivative of their potential liability to plaintiff. Defendants' claims against the United States have no relationship to plaintiff's claims against defendants.  Defendants merely assert that the ACPA constitutes an unconstitutional taking in violation of the Fifth Amendment.  Whether this is so bears no relation to whether defendants are liable to plaintiff for trademark infringement.  Similarly, defendants have asserted no derivative claims against the Dodge-named companies.  Defendants only assert that these third-party defendants may have also infringed plaintiff's trademark, not that they somehow assisted or contributed to defendants' alleged infringement.  Further, as explained more fully in the following section, defendants can claim no right of contribution or indemnification against the proposed third-party defendants.  Thus, "the conclusion is compelled that either defendant[s] [are] seeking impleader for liability to plaintiff or defendant[s] [are] attempting to bring a third party into this action on an independent claim which, although factually related to the principle dispute, cannot be said to be derivative of the outcome of the main claim.  Neither position is permissible under Rule 14(a)." *Brown v. International Union, Automobile, Aerospace & Agric. Implement Workers of Am.*, 85 F.R.D. 328, 336 (W.D. Mich. 1980); *see also, Ocasek*, 673 F.

Supp. at 1088. Accordingly, the Court should conclude that defendants' claims are not "third-party claims" as that term is used in Rule 14(a), and should strike defendant's third-party complaint.

### 2.    *Meritless Claims*

The Court should also conclude that defendants' purported claims are clearly meritless, and thus strike defendants' third-party claims on that basis. As noted above, under Rule 14 "the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim[.]" FED. R. CIV. P. 14(a), advisory committee note to 1963 amendment.

### a. *Claim Against the United States*

Defendants' third-party claim against the United States is meritless.  In this claim, defendants allege that the ACPA effects an unconstitutional taking of property without just compensation in violation of the Fifth Amendment. The Fifth Amendment provides, in relevant part, that no "private property [shall] be taken for public use, without just compensation." U.S. CONST. amend. V.  A person may seek just compensation for a governmental taking by the United States under the Tucker Act, 28 U.S.C. § 1346(a)(2).  *See Ruckelhaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984).

As an initial matter, I note that plaintiff's reliance on *Sporty's Farm L.L.C v. Sportsman's Market, Inc.*, 202 F.3d 489 (2d Cir. 2000) and *Shields v. Zuccarini*, 89 F. Supp. 2d 634 (E.D. Pa. 2000) for the proposition that the ACPA does not effect an unconstitutional taking is misplaced. In *Sporty's*, the court expressly declined to reach the takings issue, concluding that the defendant had waived the issue. *See Sporty's Farm*, 202 F.3d at 502 n.17. In *Shields*, the

10

court identified the takings issue as one of due process, not one of taking without just compensation, and proceeded to discuss only whether the statute was impermissibly retroactive in effect. The court did not explicitly address the takings issue. *See Shields*, 89 F. Supp. 2d at 642. No other court appears to have addressed the issue.

Nevertheless, the Court should conclude that defendants' takings claim fails as a matter of law. Two aspects of takings law compel this conclusion. First, "[a] regulatory taking occurs when the Government prevents a [property] owner from making a particular use of the property that *otherwise would be permissible*." *McKay v. United States*, 199 F.3d 1376, 1382 (Fed. Cir. 1999) (emphasis added) (citing *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1014 (1992)).[5] Defendants' use of a domain name which infringes plaintiff's trademark is not otherwise permissible, and thus the ACPA does not effect a taking.

Second, "[a]s part of a takings claim, the plaintiff must demonstrate ownership of a compensable property interest at the time of the asserted taking." *Oak Forest, Inc. v. United States*, 23 Cl. Ct. 90, 94 (1991). "[O]nly one possessing an ownership interest in the . . . property at the time of the taking is entitled to receive the required compensation." *Murray v. United States*, 817 F.2d 1580, 1583 (Fed. Cir. 1987); *see also, Lucas*, 505 U.S. at 1027 (no taking requiring compensation occurs where "the logically antecedent inquiry into the nature of the owner's estate shows that the proscribed use interests were not part of his title to begin with."). Even assuming that a domain name constitutes a property interest in general, *but see*

---

[5] Because any appeal from this Court's decision with respect to a Tucker Act takings claim rests in the United States Court of Appeals for the Federal Circuit, *see* 28 U.S.C. § 1295(a)(2), the decisions of the Federal Circuit are controlling. *See Sample v. United States*, 838 F. Supp. 373, 375 (N.D. Ill. 1993), *aff'd*, 65 F.3d 939 (Fed. Cir. 1995).

*Dorer v. Arel*, 60 F. Supp. 2d 558, 561 (E.D. Va. 1999) ("[A] domain name that is not a trademark arguably entails only contract, not property rights."), defendants cannot establish any legitimate ownership interest affected by the ACPA.  If plaintiff successfully shows that defendants infringed its trademark, defendants can claim no property interest in the "foradodge.com" domain name.[6]  Trademark law grants a mark holder exclusive property rights to the mark, *see K mart Corp. v. Cartier, Inc.*, 485 U.S. 176, 185-86 (1988); *DEP Corp. v. Opti-Ray, Inc.*, 768 F. Supp. 710, 713 (C.D. Cal. 1991), which necessarily prevents an infringer from obtaining any property rights in an infringing domain name.

For these two reasons, the Court should conclude that defendants' third-party takings claim against the United States fails as a matter of law.  Accordingly, the Court should strike this third-party claim pursuant to Rule 14(a).

### b.  Claims Against the Dodge-named Companies

Likewise, defendants' claims against the Dodge-named companies are without merit. Defendants seek contribution and indemnification against these companies based on the fact that, according to defendants, these companies may also be infringing on plaintiff's trademark. Defendants' contribution and indemnification claims are without merit for several reasons.

First and foremost, there is no right of contribution in trademark cases under the Lanham Act.  *See Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 16 (2d Cir. 1988); *Santana Prods., Inc. v. Bobrick Washroom Equip. Inc.*, 69 F. Supp. 2d 678, 683-84

---

[6]Conversely, if plaintiff fails to establish that defendants infringed its mark, the ACPA will not require defendants to cease using the domain name and thus the ACPA will not effect any taking with respect to defendants.

(M.D. Pa. 1999). Likewise, absent some underlying contractual obligation or other substantive law, neither of which is alleged here, there is no right to indemnification in Lanham Act cases. *See Santana Prods.*, 69 F. Supp. 2d at 687. Thus, "[a]llowing [defendants] to implead the [Dodge-named companies] would be futile because . . . contribution is not available for claims asserted under the Lanham Act." *Gamla Enters. N.A., Inc. v. Lunor-Brillen Design U. Vertriebs GmbH*, No. 98 Civ. 992, 2000 WL 193120, at *6 (S.D.N.Y. Feb. 17, 2000) (citing *Getty*).

Second, even if contribution and indemnification were generally available in Lanham Act cases, defendants have not pleaded proper claims for contribution or indemnification. Contribution is available only "when two or more person become liable in tort to the same person for the same harm[.]" RESTATEMENT (SECOND) OF TORTS § 886A(1) (1979); *see also,* BLACK'S LAW DICTIONARY 328 (6th ed. 1990). In other words, "no right to contribution or obligation to contribute arises . . . between parties who are obligated, though to the same person or upon the same transaction, severally and successively, instead of equally under a common burden." 18 AM. JUR. 2D *Contribution* § 10 (1985). This same limitation, that the liability arise from the same harm, applies to indemnification. *See* RESTATEMENT (SECOND) OF TORTS § 886B(1) (1979). Defendants do not allege that the Dodge-named companies participated in their alleged infringement of plaintiff's trademark. Rather, they allege that the companies may have committed their own, independent acts of infringement. These acts constitute separate harms, *cf. Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992) (explaining, in context of the copyright statute of limitations, that "each act of infringement is a distinct harm giving rise to an independent claim for relief."), and thus neither contribution nor indemnification is not available. Accordingly, the Court should conclude that defendants'

13

third-party claims against the Dodge-named companies are meritless, and should strike the third-party complaint. *See Collini v. Wean United, Inc.*, 101 F.R.D. 408, 410-11 (W.D. Pa. 1983) (impleader not appropriate where substantive law provided no right of contribution)

### 3.   *Interpleader*

Finally, I note that defendants' attempt to assert an action in interpleader is not appropriate here. Interpleader is a "procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund." *White v. Federal Deposit Ins. Corp.*, 9 F.3d 249, 251 (5th Cir. 1994); *see also,* 4 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 22.02[1], at 22-7 through 22-8 & n.1 (3d ed. 1997) (citing cases). Interpleader is an equitable device which permits the person holding the money or property–the stakeholder–to avoid multiple litigation or liability for releasing the stake to the wrong party. *See* MOORE, *supra,* at 22-8 through 22-10 & nn. 3-7 (citing cases).

Defendants' third-party claims do not involve any common fund which concededly belongs to one or more parties other than plaintiff. Defendants assert merely that multiple parties may use some form of the word "dodge" in their names. That others may, or may not, be infringing plaintiff's mark is irrelevant to the issue in this case–whether defendants infringed plaintiff's mark. *See Nevada Eighty-Eight, Inc. v. Title Ins. Co. of Minn.*, 753 F. Supp. 1516, 1527-28 (D. Nev. 1990). As explained above, any claims between plaintiff and the other Dodge-named companies are independent, thus precluding interpleader because "claimants having wholly unrelated claims may not be . . . interpleaded." *Girard Trust Co. v. Vance*, 4 F.R.D. 255, 256 (E.D. Pa. 1945).

14

F.    *Conclusion*

In view of the foregoing, the Court should conclude that defendants' asserted third-party claims are not proper third-party claims under Rule 14(a), and alternatively that the claims are without merit as a matter of law. Accordingly, the Court should grant plaintiff's motion to strike defendants' third-party claims pursuant to Rule 14(a). However, the Court should deny plaintiff's motion to strike to the extent it is moving to strike defendants' counterclaim, as the Court has no authority to do so under Rules 12(f) and 13.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response

15

shall address specifically, and in the same order raised, each issue contained within the objections.

*Paul J. Komives*

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: *Sept. 22, 2000*

PURSUANT TO RULE 77(d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS FOR ALL
PARTIES ON _____, 2000 .

DEPUTY COURT CLERK

16